UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Samantha Szewczyk, PPA; and Barbara Szewczyk, *Plaintiffs*, | Civil No. 3:09cv1449 (JBA) |
| *v.* | |
| Wal-Mart Stores, Inc.; Wal-Mart Stores East, Inc.; Wal-Mart Stores East I, LP; and Nora Bambus, *Defendants*. | October 19, 2009 |

ORDER OF REMAND

Plaintiffs Barbara Szewczyk and her minor child, Samantha Szewczyk, brought an eight-count state-law complaint in state court against Defendants Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East I, LP, and Nora Bambus, alleging that due to Defendants' negligence, a liquid substance was left on the floor "in the housewares aisle near the toys section of" a Wal-Mart store in New Britain, Connecticut, causing Samantha Szewczyk to slip and fall and incur injuries and losses.[1]  In their timely-filed Notice of Removal [Doc. # 1], Defendants asserted that this Court has subject-matter jurisdiction over this action on the basis of diversity-of-citizenship pursuant to 28 U.S.C. § 1332(a)(1), which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil

_____

[1] According to Defendants, the action was assigned docket number HHB-CV-09-50113981-S in the Connecticut Superior Court, Judicial District of Hartford, at New Britain. (Notice of Removal at ¶ 1.)  This docket number does not exist.  State-court records, as well as the state-court summons and the Complaint, indicate that the action was assigned docket number HHB-CV-09-5013981-S in the Connecticut Superior Court, Judicial District of New Britain, at New Britain.

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The Court issued an Order to Show Cause ("OTSC") requiring Defendants to demonstrate both the existence of this Court's subject-matter jurisdiction and the propriety of removal.  In pertinent part, the OTSC stated:

> Defendants' Notice of Removal does not provide the Court with the factual basis necessary to exercise subject-matter jurisdiction over this action, both because Defendants' allegations as to the citizenship of Wal-Mart Stores East I, LP are deficient and because Defendants provide no grounds on which to conclude either that Nora Bambus has been fraudulently joined, or that being a "sham defendant" is a cognizable legal status relevant to the Court's determination of diversity of citizenship.

> First, it is well established that an artificial legal entity other than a corporation does not have a state of incorporation or "principal place of business" for diversity-jurisdiction purposes, and its citizenship is instead determined by the citizenship of all of the members of that entity.  *See generally Carden v. Arkoma Associates*, 494 U.S. 185 (1990).  This principle applies with full force to a limited partnership ("LP").  *Id.*  Thus, in removed cases predicated on diversity jurisdiction this District requires submission, "no later than five (5) days after filing a notice of removal," of "a signed statement" stating:

>> if any party is a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each partner, general partner, limited partner and member, and if any such partner, general partner, limited partner or member is itself a partnership, limited liability partnership or limited liability company or corporation, the citizenship of each member.

> (Standing Order on Removed Cases, Appendix to D. Conn. Local Rules, at ¶ 3.)  Defendants have not submitted a signed statement in accordance with the Standing Order on Removed Cases.  Moreover, Defendants' allegations in their Notice of Removal provides no basis on which to conclude that complete diversity exists between Wal-Mart Stores East I, LP and Plaintiffs.

2

Second, Defendants provide no legal authority for the proposition that a named defendant may be deemed a "sham defendant" and disregarded for purposes of determining diversity. It is true that a named defendant may be disregarded in determining diversity, but only if she has been fraudulently joined. Where no outright fraud exists in a plaintiff's pleadings, a plaintiff may be deemed to have fraudulent[ly] joined a defendant "if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). The burden on the defendant seeking removal to establish fraudulent joinder is "heavy," being that "of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Id.* (quoting *Pampillonia*, 138 F.3d at 461). Defendants' seven-paragraph Notice of Removal does not provide a legal or factual basis for concluding that Nora Bambus has been fraudulently joined, or that her citizenship is diverse from that of Plaintiffs.

This Court appears to lack subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1). In addition, removal would have been improper under 28 U.S.C. § 1441(b) if one or more of the named defendants (i.e., Nora Bambus and Wal-Mart Stores East I, LP) were citizens of Connecticut. Defendants are therefore ordered to show cause, no later than October 6, 2009, why this action should not be remanded to the Connecticut Superior Court, Judicial District of New Britain, at New Britain. If Defendants fail to respond or fail to show cause, this case will be ordered remanded on October 13, 2009, and Defendants may be ordered to pay the "just costs and any actual expenses, including attorney fees, incurred [by Plaintiffs] as a result of the removal" pursuant to 28 U.S.C. § 1447(c).

(OTSC [Doc. # 8].)

Defendants timely responded to the OTSC, but their response fails to show cause why remand is improper. First, notwithstanding the OTSC's directives and its citation to *Carden*, Defendants again confuse a corporation with "an artificial legal entity other than a corporation." The citizenship of artificial legal entities other than corporations—which include, *inter alia*, limited liability companies and limited partnerships—is *not* determined

3

by reference to § 1332(c)(1) because they have neither a "principal place of business" nor any state of incorporation.  Instead they take the citizenship of all of their members.  *See, e.g.*, *Carden*, 494 U.S. at 195–96; *Bischoff v. Boar's Head Provisions Co., Inc.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) (citations omitted) ("For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members."); *Basurto v. Mervyn's, LLC*, No. 3:07-CV-0174-G, 2007 WL 390711, *1 (N.D. Tex. Jan. 30, 2007) (citations omitted) ("Unlike a corporation, a limited liability company is not a citizen of the state in which it was organized unless one of its members is a citizen of that state.").

Notwithstanding the straightforward rule in *Carden* reiterated in the OTSC, Defendants identify the "principal place of business" and state of incorporation of the two LLCs—"Wal-Mart Stores East Management, LLC" and "Wal-Mart Stores East Investment, LLC"—comprising Wal-Mart Stores East I, LP.  (Defs.' Response [Doc. # 9] at 2.)  It is Defendants' burden to demonstrate the existence of subject-matter jurisdiction.  *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court.").  Absent any showing that the *members* of these two LLCs are not citizens of Connecticut, Defendants have failed to meet their burden of showing complete diversity, the Court cannot exercise subject-matter jurisdiction, and this case must be remanded to state court.

Second, Defendants' response is also deficient in its assertion that Ms. Bambus—the New Britain Wal-Mart store manager who appears from documents attached to the Notice of Removal to be a citizen of Connecticut—has been fraudulently joined.  Defendants assert:

> [T]he question becomes whether, under Connecticut law and the facts of this case, Defendant Bambus owed a legal duty to the minor Plaintiff that is separate and apart from the legal duty owed by Defendant Wal-Mart Stores East I, L.P.  The Defendants respectfully submit that she did not. . . .
>
> There are no allegations against Defendant Bambus that fall outside of her status as the manager of the Wal-Mart store in question.  The Plaintiffs have not alleged any duty to them owed by Defendant Bambus that is separate or independent of that owed to them by the owner of the store.  The alleged proximate result of the negligence of [Ms.] Bambus is the same slip and fall that is at issue in the other counts of the Complaint, with the same alleged injuries. . . . There are no specific allegations madder [*sic*] that could in any way support the existence of a separate legal duty owed to the Plaintiffs by the store manager.  *See, e.g.*, Meek v. Wal-Mart Stores, Inc., 72 Conn.App. 467 (2002).  That the corporate defendants (at least the correct one) owed a duty of care to the minor Plaintiff as a business invitee is clear.  It seems equally clear that, under the facts of this case, Defendant Bambus as store manager did not owe a duty to the minor Plaintiff that is separate and apart from that owed by her employer.  As such, there is no cognizable cause of action against Defendant Bambus under Connecticut law.

(Def.'s Response at 6–7.)

In *Meek* the Connecticut Appellate Court affirmed a jury verdict against both Wal-Mart Stores, Inc. and "the manager and assistant manager . . . of the Wal-Mart store in Waterford" after negligently-maintained merchandise fell from a high shelf and injured the plaintiff.  *Meek*, 72 Conn. App. at 468.  The *Meek* court specified that

> [a]s to [the manager and assistant manager], the plaintiff alleged that they failed to use reasonable care in following Wal-Mart's safety policies concerning storage of merchandise; they failed to *properly supervise other employees* in storing merchandise safely and reasonably; they failed to properly inspect the shelving where the tables were stored; and they knew or

should have known of numerous other incidents in which Wal-Mart customers were injured by falling merchandise that had been improperly stored, but failed to use reasonable care to prevent merchandise from falling on the plaintiff.

*Id.* at 471 (emphasis added).

Contrary to Defendants' reading, Plaintiffs' Complaint sets out in Counts 7 and 8 the separate duties—"to adequately train her store employees," "to implement adequate inspection and maintenance policies," and "to properly supervise . . . to ensure that proper inspection and maintenance procedures were being carried out"—that Plaintiffs claim Ms. Bambus owed and breached. Some of the duties alleged here, especially Plaintiffs' claim that Ms. Bambus failed to properly supervise Wal-Mart employees, are similar to those alleged by the successful plaintiff in *Meek*. Moreover, even if Plaintiffs alleged that Ms. Bambus and the storeowners owed and breached the same set of duties, Defendants provide no citation to authority for the position that no claim exists against a store manager for breach of a legal duty where it is the same duty as that allegedly owed by the storeowner.

In addition, Defendants' argument is incorrect that Ms. Bambus was fraudulently joined because "the same slip and fall" and "the same alleged injuries" resulted from both her and the storeowners' negligence. Connecticut law does not foreclose a claim against a store manager whose alleged negligence causes the same alleged injuries as the storeowner's alleged negligence. Indeed, in *Meek* itself a Wal-Mart store manager was held liable for his negligence even where it caused the same injury as that caused by the storeowner's negligence.

Determination of Ms. Bambus's liability requires the development of a factual record that does not yet exist. Because this Court cannot conclude from the Complaint that "there

6

is no possibility that the claims against [Ms. Bambus] could be asserted in state court," *Briarpatch*, 373 F.3d at 302, Defendants have failed to establish that Ms. Bambus was fraudulently joined or that she is not a citizen of Connecticut. Thus they have failed to meet their burden of showing that complete diversity exists and that the Court has subject-matter jurisdiction. The action must be remanded on this basis as well.[2]

Finally, there is the matter of fees and costs. The Court may award costs and attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); 28 U.S.C. § 1447(c). In its OTSC the Court provided Defendants with notice of what information they needed to provide to show cause that subject-matter jurisdiction existed. Despite this Court's articulation of and citation to *Carden*, Defendants' response replicates its original legal error, which is objectively unreasonable.[3] Moreover, despite the Court's recitation of the relevant portion of this District's Standing Order in Removed Cases, requiring Defendants to provide the citizenship of each member of each defendant, Defendants have failed to submit a

---

[2] In addition, if either Wal-Mart Stores East I, LP or Ms. Bambus is a citizen of Connecticut then removal was also improper under 28 U.S.C. § 1441(b), which permits removal "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

[3] In another context, it has been held that "[e]rrors caused by counsel's ignorance of the law are errors that run afoul of the objective standard of reasonableness." *Noble v. Kelly*, 89 F. Supp. 2d 443, 463 (S.D.N.Y. 2000) (legal error is objectively unreasonable for purposes of claim of ineffective assistance of counsel).

statement pursuant to that Standing Order.[4]   Defendants' failures are objectively unreasonable, and could justify the award to Plaintiffs of any "just costs and any actual expenses, including attorney fees."  28 U.S.C. § 1447(c).  Nonetheless, awards of costs and fees under § 1447(c) are designed "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party."  *Martin*, 546 U.S. at 140.  Here, Plaintiffs have not moved to remand, and the Court instead orders remand *sua sponte* soon after removal.  Removal has thus neither imposed substantial costs on Plaintiffs nor meaningfully prolonged litigation, and an award of costs and fees is therefore inappropriate. *See id.* at 141 (exercise of discretion under § 1447(c) "should be 'faithful to the purposes' of awarding fees").

For the reasons stated above, this action must be remanded.  The Clerk is directed to remand this case to the Superior Court of Connecticut, Judicial District of New Britain, at New Britain.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 19th day of October, 2009.

---

[4] Defendants have filed a "Rule 7.1 Disclosure of Corporate Information" [Doc. # 12] that repeats the LLCs' principal places of business and state of incorporation.  The Standing Order in Removed Cases requires different information from the District's Order Re: Disclosure Statement, which focuses on *corporate parties.*  The Standing Order in Removed Cases specifically addresses *non-corporate artificial entities* and requires Defendants to disclose in a signed statement the members of the two LLCs that Defendants assert are the members of Wal-Mart Stores East I, LP, which Defendants have not done.